## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-10125-01-04- EFM |
| | ) | |
| **AMBER GUTIERREZ,** | ) | **FILED UNDER SEAL** |
| **HATTIE WIGINTON,** | ) | |
| **ASHLEY CRAVENS, and** | ) | |
| **LINDA WISE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## SEALED INDICTMENT

The Grand Jury charges:

## COUNT 1

## THEFT, EMBEZZLEMENT OR
## MISAPPLICATION BY BANK OFFICER
## OR EMPLOYEE

On or between, 2008 and July 24th, 2010, in the District of Kansas, the defendants,

**AMBER GUTIERREZ,**
**HATTIE WIGINTON, and**
**ASHLEY CRAVENS**

being an officer, director, agent, or employee of, or connected in a capacity with Western

State Bank, and insured bank by the Federal Deposit Insurance Corporation, with intent to

injure and defraud Western State Bank, willfully misapplied, or embezzled, abstracted, or

purloined the sum of approximately and up to $84,200 of the moneys, funds, or credits of

1

Western State Bank, in that the defendants created falsified cash deposit slips depositing such funds into the defendants' personal accounts, thus converting the funds to the use of the defendants.

All in violation of Title 18, United States Code, Sections 656 and 2.

## COUNT 2

## BANK ROBBERY AND
## INCIDENTAL CRIMES

On or about July 24th, 2010, in the District of Kansas, the defendants,

**AMBER GUTIERREZ,**
**HATTIE WIGINTON, and**
**ASHLEY CRAVENS**

did take and carry away with intent to steal and purloin money, up to $84,200, and of a value exceeding $1000.00, belonging to and in the care, custody, control, management and possession of the Western State Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation

All in violation of Title 18, United States Code, Sections 2113(b) and 2.

## COUNT 3

## FALSE STATEMENT

On or about July 24, 2010, in the District of Kansas, the defendant,

**HATTIE WIGINTON,**

did willfully and knowingly make and cause to be made a materially false, fictitious, and

fraudulent statement and representation in a matter within the jurisdiction of a department

or agency, to wit: The Federal Bureau of Investigation, of the United States, by falsely

representing that: the defendant did not know who committed the bank robbery of Western

State Bank on July 24, 2010; the defendant and Western State Bank were robbed by 2

individuals on July 24, 2010; the defendant and Western State Bank were robbed by a male

with a Hispanic-sounding accent.

All in violation of Title 18, United States Code, Sections 1001.

## COUNT 4

## THEFT, EMBEZZLEMENT OR MISAPPLICATION BY BANK OFFICER OR EMPLOYEE

On or between, late 2010 and March 2013, in the District of Kansas, the defendants,

**AMBER GUTIERREZ,**
**ASHLEY CRAVENS, and**
**LINDA WISE,**

being an officer, director, agent, or employee of, or connected in a capacity with Western

State Bank, and insured bank by the Federal Deposit Insurance Corporation, with intent to

3

injure and defraud Western State Bank, willfully misapplied, or embezzled, abstracted, or purloined the sum of approximately $24,450 of the moneys, funds, or credits of Western State Bank, in that the defendants created falsified cash deposit slips depositing such funds into the defendants' personal accounts, thus converting the funds to the use of the defendants.

All in violation of Title 18, United States Code, Sections 656 and 2.

**FORFEITURE ALLEGATION**

i.    Title 18, United States Code, Sections 656, and 2113

The allegations contained in the preceding paragraphs of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1) and (a)(2) .

As a result of committing the foregoing offenses alleged in Counts One through Four, of this Indictment, the defendants,

**AMBER GUTIERREZ,**
**HATIE WIGINTON,**
**ASHLEY CRAVENS, and**
**LINDA WISE,**

shall forfeit to the United States pursuant to 18 U.S.C. §§ 982 (a)(2), 981(a)(1)(c) and 28 U.S.C. § 2461 any and all proceeds of the crimes, including but not limited to the following:

4

1.      Money Judgment

A sum of money equal to and representing the amount of proceeds obtained as a result of the offenses in Counts One through Four, for which the defendants are liable;

All in violation of Title 18, United States Code, Sections 656, and 2113.

ii.     <u>Substitute Assets</u>

If any of the property described above, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b).

A TRUE BILL


  July 16, 2013                                        s/Foreperson
DATE                                           FOREMAN OF THE GRAND JURY


5

  /s/ Barry R. Grissom
BARRY R. GRISSOM
United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
(316) 269-6484 (fax)
barry.grissom@usdoj.gov
KS. S. Ct. No. 10866

(It is requested that trial be held in Wichita, Kansas.)